HUTCHINSON v. IRVIN'S TRUSTEE.

**Mortgage — Deed of Trust.**

To constitute a mortgage or deed of trust the right of property must be changed and the title vested in the grantee or vendee.

APPEAL FROM BOYLE CIRCUIT COURT.

December 17, 1863.

OPINION OF THE COURT BY JUDGE PETERS:

The only question presented by this record is, what is the proper construction of the writing executed by Irvin to appellant?

It is contended by the counsel for appellant that the instrument ought either to be considered as a mortgage or deed of trust, and that it created a prior lien on the property of Irvin in favor of appellant in preference to other creditors of Irvin.

After careful examination of the instrument we are of opinion that it can neither be considered a mortgage nor deed of trust. To constitute either the right of property must be changed, and the title vested in the grantee or vendee.

In the case before the court no particular property is named or described in the instrument, and, indeed, the parties do not

seem to have intended to change or transfer the right of any property whatever from Irvin to Hutchinson; but the writing is only an acknowledgment that Hutchinson was Irvin's surety in the replevin bond mentioned, and that Irvin would not incumber his property, but would surrender it to satisfy said debt — the title to the property was certainly left in Irvin — and Hutchinson had no power over it even if Irvin failed to pay the debt, or to surrender his property in satisfaction thereof. The instrument, therefore, has none of the characteristics of a mortgage or deed of trust.

The exceptions were properly sustained to the evidence of Durham.

Judgment affirmed.